**MEMO ENDORSED**



THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JAMES E. JOHNSON
*Corporation Counsel*

SAMANTHA J. PALLINI
*Assistant Corporation Counsel*
phone: (212) 356-2641
fax: (212) 356-1148
spallini@law.nyc.gov

December 17, 2019

**BY ECF**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: <u>Philip E. DeBlasio v. Mr. Oliver and Ms. Santiago</u>, 18 CV 6842 (KPF)

Your Honor:

I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney representing defendant Correction Officer Santiago in the above-referenced case. Defendant Santiago writes to respectfully request that the Court compel Plaintiff to: (1) produce, by a date certain, properly executed authorizations for plaintiff's medical records, on pain of dismissal for failure to prosecute; and (2) provide, by a date certain, responses to Defendant Santiago's July 8, 2019 First Set of Document Requests and Interrogatories, on pain of dismissal for failure to prosecute.

**A.    Relevant Background**

By way of background, on July 30, 2018, *pro se* Plaintiff Philip E. DeBlasio filed this action alleging, *inter alia*, that on July 6, 2018, Correction Officer Oliver and Correction Officer Santiago subjected him to excessive force while he was incarcerated at the New York City Department of Correction Vernon C. Bain Center ("VCBC"). (Civil Docket Entry No. 2.) Plaintiff alleges that as a result of the incident, he suffered physical and emotional injuries. (Civil Docket Entry No. 2.) Plaintiff reiterated these purported injuries at the October 9, 2019 telephonic conference with Your Honor. (<u>See</u> Transcript, dated October 9, 2019, at 5:14-14:2.)

On August 14, 2018, while Plaintiff was still incarcerated at VCBC, this Office sent Plaintiff an authorization for the release of Plaintiff's medical records ("Medical Release") so that this Office could properly investigate Plaintiff's allegations. Plaintiff did not respond to that request. Thereafter, upon information and belief, on January 8, 2019, Plaintiff was transferred

from VCBC into the custody of the New York State Department of Corrections and Community Supervision.

On July 3, 2019, this Office sent Plaintiff a second Medical Release; again, Plaintiff did not respond. Thereafter, on July 18, 2019, Defendant Santiago served plaintiff with Defendant Santiago's First Set of Documents Requests and Interrogatories, which included a request for a third Medical Release. To date, Plaintiff has neither responded to Defendant's July 18, 2019 discovery demands, nor provided this Office with an executed Medical Release. Notably, at the October 9, 2019 telephonic conference with Your Honor, Plaintiff acknowledged receipt of both the discovery demands and the Medical Release. (See Transcript, dated October 9, 2019, at 11:23-12:9; 14:23.)

Accordingly, on October 9, 2019, Your Honor ordered Plaintiff to provide responses to Defendant Santiago's July 18, 2019 discovery demands by December 4, 2019 (Civil Docket Entry No. 58). Notably, at the conference, Plaintiff agreed that he would provide this Office with responses to the discovery demands as well as a properly executed Medical Release. (See Transcript, dated October 9, 2019, at 14:13-23; 15:11-12; 17:7-16.)

Accordingly, on October 21, 2019, the undersigned sent a second set of Defendant Santiago's discovery demands and a fourth Medical Release to Plaintiff, in addition to pre-stamped and pre-addressed return envelopes for Plaintiff's convenience. On October 31, 2019, the undersigned also sent Plaintiff a copy of the transcript[1] from the October 9, 2019 telephonic conference. (Civil Docket Entry No. 59.) To date, Plaintiff has not responded to the discovery demands or provided an executed Medical Release.[2]

**B.  Argument**

In both Plaintiff's Complaint, and in statements made by Plaintiff during the October 9, 2019 telephonic conference, Plaintiff expressed that he is alleging both emotional and physical injuries as a result of the alleged incident. Since August 14, 2018—more than one year ago—Defendant Santiago has been diligently seeking Plaintiff's cooperation with regard to the execution of a medical release. Despite repeated requests by Defendant Santiago, pre-stamped and pre-addressed return envelopes for convenience, explicit Court Orders, and telephonic conversations with Your Honor—wherein Your Honor has explained to Plaintiff the need for, and relevancy of, Plaintiff's execution of a medical release in this action—Plaintiff nevertheless continues to fail to prosecute this action and provide the necessary information.

A plaintiff's failure to execute requested releases can result in a dismissal of the action for failure to prosecute. See, e.g., Balkani v. City of New York, No. 18 Civ. 3159 (LGS), 2018 U.S. Dist. LEXIS 185005, at *6 (S.D.N.Y. Oct. 26, 2018) (dismissing case for failure to

---

[1] The undersigned is enclosing a second copy herein of the transcript of the October 9, 2019 telephone conference with Your Honor for Plaintiff's ease of reference.

[2] Additionally, this Office sent Plaintiff a fifth Medical Release on December 6, 2019, but to date, has not received a response.

prosecute, after the *pro se* plaintiff never responded to the City of New York's multiple requests for an executed medical release).[3] Moreover, Federal Rule of Civil Procedure 26(b)(1) allows a party, through discovery, to obtain "any non-privileged matter relevant to any party's claim or defense and proportional to the needs of the case[.]" See Fed. R. Civ. P. 26(b)(1).

As Your Honor stated in the October 9, 2019 telephonic conference, Plaintiff's medical records are not "irrelevant" in this action, as Plaintiff has alleged emotional and physical injuries. (See Transcript, dated October 9, 2019, at 14:2.) Indeed, Defendant Santiago is entitled to the requested information to determine: (1) whether Plaintiff suffered injuries; and (2) whether Plaintiff may have suffered from any pre-existing injury. It is Defendant Santiago's position that this information is directly relevant to the claims and alleged damages in this action and necessary in this case. See Fed. R. Civ. P.26 (b)(l).

Moreover, "[t]here is no dispute that, as a result of bringing this lawsuit, plaintiff[] forfeited [his] right to claim privacy in the records of his medical treatment." Soto v. City of New York, No. 12 Civ.6911 (RA), 2015 U.S. Dist. LEXIS 159014, at *4 (S.D.N.Y. Nov. 24, 2015). Defendants are entitled to test whether Plaintiff's alleged injuries stem from causes other than the claims at issue. See, e.g., Consol. RNC Cases, 2009 U.S. Dist. LEXIS 40293, at *20-31 (S.D.N.Y. Jan. 8, 2009) (affirming Magistrate's Order compelling production of mental health records and dismissing claims for emotional distress as sanction for failure to produce records since the plaintiffs alleged a variety of emotional injuries."); see also Bridges v. Eastman Kodak Co., 850 F. Supp. 216, 222-223 (S.D.N.Y. 1994) ("[S]ince plaintiffs seek to prove that they have suffered emotional distress [as a result of defendants' actions] . . . defense counsel has a right to inquire into plaintiffs' pasts for the purposes of showing that their emotional distress was caused at least in part by events and circumstances that were not [related to the instant litigation]."). It is also worth noting that Plaintiff, who is currently litigating several cases in the Southern District of New York, has engaged in a pattern of refusing to provide executed medical releases to defense counsels in actions where he alleges physical and/or emotional injuries, thereby causing defense counsels to move to compel those medical releases. See, e.g., Philip E. DeBlasio v. Hassan, et al., 19 Civ. 851 (GHW), Civil Docket Entry No. 19; Philip E. DeBlasio v. Police Officer Nieves, et al., 18 Civ. 9360 (AT) (OTW), Civil Docket Entry No. 33.

Finally, Plaintiff has been provided with two copies of Defendant Santiago's discovery demands and, furthermore, has been provided with pre-stamped and pre-addressed envelopes so he may easily return the requested responses to the undersigned. Pursuant to Federal Rule of Civil Procedure 33(b)(2) and 34(b)(2), in addition to the Court's October 9, 2019 Order, Plaintiff's responses are overdue. Plaintiff's failures to provide his responses to these demands, which are necessary for discovery to continue and for the undersigned to move forward with scheduling Plaintiff's deposition, are causing unnecessary delay.[4]

---

[3] Pursuant to Local Civil Rule 7.2, Defendant provided copies of the cases cited herein that are unpublished or only found on electronic databases to the *pro se* Plaintiff.

[4] The undersigned has also not received any response from Plaintiff regarding the Proposed Stipulation of Confidentiality and Protective Order that was sent to Plaintiff, by first-class mail, for his review and execution on November 13, 2019.

3

As the undersigned discussed at the October 9, 2019 telephonic conference, upon receipt of a properly executed medical release, requests for medical records require approximately 30 to 45 days for the facility to produce the records to the undersigned. At this juncture in the litigation—where discovery is currently set to close on January 31, 2020, and with the holidays at bay—Plaintiff is unnecessarily delaying this action and causing Defendant Santiago to be prejudiced in her defense of this action.

For the foregoing reasons, Defendant Santiago respectfully requests that the Court order Plaintiff to provide[5] validly executed releases, as well as responses to Defendant Santiago's discovery demands, by a date certain, upon pain of dismissal, pursuant to Federal Rule of Civil Procedure 41(b).[6]

Defendant Santiago thanks the Court for its attention to this matter.

Respectfully submitted,

Samantha J. Pallini
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Philip E. DeBlasio (by Certified Mail)
*Plaintiff Pro Se*
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582

Koehler & Isaacs LLP (by ECF)
*Attorneys for Defendant Oliver*
Sonya Gidumal Chazin, Esq.
61 Broadway
Suite 2500, 25th Floor
New York, New York 10006

---

[5] The undersigned is enclosing, in its mailing to Plaintiff, a sixth copy of the Medical Release, a third copy of Defendant Santiago's discovery demands, and a second copy of the Proposed Stipulation of Confidentiality and Protective Order.

[6] Your Honor previously warned Plaintiff, in the May 29, 2019 Court Order, that "refusal to participate in discovery may result in sanctions, including the possibility of dismissal of the case for failure to prosecute or failure to follow the Court's orders." (Civil Docket Entry No. 42.)

The Court is in receipt of the above-letter from Defendant
Santiago.  At the Court's conference on October 9, 2019 (Dkt.
#61 (transcript)), both Defendants represented to the Court
that they had produced all relevant discovery to Mr. DeBlasio.
The only outstanding discovery was to be produced by Mr.
DeBlasio.  The medical release and other discovery requests
were relevant because Mr. DeBlasio has alleged that Defendants
caused him physical and emotional injuries.  Mr. DeBlasio
indicated that he would comply with the Court's order that
such discovery be produced to Defendants by December 4, 2019.

The Court is very disappointed to hear that Mr. DeBlasio has
still not executed the medical release or responded to
Defendant Santiago's discovery requests.  Mr. DeBlasio is
hereby ORDERED to execute the medical release and respond to
Defendant Santiago's discovery demands by **January 5, 2020**.

If Mr. DeBlasio does not comply with this order the Court will
dismiss his case for failure to prosecute.


Dated: December 18, 2019
       New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

*A copy of this Order was mailed by Chambers to:*

**Philip E. DeBlasio**
**NYSID: 04489407Y**
**DIN No: 19-A-0070**
**Green Haven Correctional Facility**
**594 Route 216**
**Stormville, NY 12582-0010**